UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIANHAI LACE USA, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> ZARA, USA INC., and DOES 1-20, <br><br> *Defendants*. | Civil Action No. 23-cv-6597 (DLC) <br><br> **REPORT FROM THE RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN** |

**JOINT RULE 26(f) REPORT**

Plaintiff Tianhai Lace USA, Inc. and Defendant Zara USA, Inc. (collectively, the "parties") jointly submit the following Rule 26(f) Report and Discovery Plan.

Pursuant to the Court's July 31, 2023 Notice of Initial Pretrial Conference (Dkt. 8), Plaintiff Tianhai Lace USA, Inc. ("Plaintiff" or "Tianhai"), and Defendant Zara USA, Inc. ("Defendant" or "Zara") (collectively, the "Parties"), via their respective counsel, have met and conferred telephonically on November 13, 2023, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. The Parties discussed settlement and each of the subjects to be considered at the Court's Rule 16 Initial Pretrial Conference. The Parties will be appearing before the Court for an Initial Pretrial Conference on December 1, 2023.

The Parties submit the following joint statement regarding the Parties' proposed discovery plan and pretrial schedule.

**A.   Nature of Claims and Defenses**

Plaintiff: This is a civil action for (i) willful copyright infringement of no less than six (6) lace fabric designs through the unauthorized manufacture and distribution of at least six (6) garments in violation of 17 U.S.C. § 101 *et seq.*, and (ii) vicarious and/or contributory copyright

infringement under federal common law.  Plaintiff is the copyright owner of original works of art for use as lace designs to be incorporated into wearing apparel.  Defendants' use of Tianhai's lace designs in connection with Defendants' promotion and sale of products throughout the United States, and such use constitutes an unauthorized reproduction, display, distribution, publication, and utilization of the designs.  Tianhai seeks, *inter alia*, injunctive relief prohibiting further infringement of its rights to the designs, an award of damages compensating Tianhai for the unauthorized use, and the costs of the action awardable under 17 U.S.C. § 505.

Defendant:

Zara denies the allegations in the Complaint and denies that Tianhai is entitled to any relief.  The asserted designs consist of commonplace ornamentation that does not meet the threshold of originality necessary for copyright protection.  Even if *arguendo* the asserted works are copyrightable, they are entitled only to extremely thin protection.  The Zara designs are not substantially similar to the asserted Tianhai designs and thus are not infringing.

**B.    Rule 26(f) Conference**

On November 13, 2023, counsel for the Parties conducted a Rule 26(f) conference by telephone, and thereafter by email.  In accordance with the Court's Notice of Initial Pretrial Conference, the Parties discussed settlement and each of the subjects that will be considered at the Initial Pretrial Conference on December 1, 2023.  Counsel participating for Plaintiff was Cameron Reuber and Emily Rice.  Counsel participating for Defendant was Ross Panko.

**C.    Possibility of Settlement**

The Parties discussed the possibility of settlement.  The Parties also noted that between August and October 2023 the parties engaged in business-to-business settlement discussions but have not reached an agreement. The Parties discussed the possibility of consenting to mediation

before a United States Magistrate Judge and/or pursuing mediation through the Mediation Program for the Southern District of New York, as set forth in Local Civil Rule 83.9. At this point, the parties do not wish to engage mediation, but may be open to mediation at a later stage in the case.

**D.      Amended Pleadings**

The Parties agree to adhere to the Federal Rules of Civil Procedure and Local Rules applicable to amending pleadings.

**E.      Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)**

   **1.      Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A))**

The Parties will provide their Initial Disclosures on November 27, 2023. The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a).

   **2.      Discovery Subject Matter, Timing, and Phases of Discovery (Fed. R. Civ. P. 26(f)(3)(B))**

      **a.      Subject Matter**

The Parties anticipate conducting discovery on issues relating to Plaintiff's claims of copyright infringement related to U.S. Copyright Registration Nos. VA 1-397-841 (Registration for Pattern R9692), VA 1-760-298 (W1000A), VA 1-817-761 (YD075), VA 1-746-489 (X6525), VA 1-967-086 (XD525), and VA 2-119-133 (W1378). For both parties this will include exchanging written discovery and responses, document collection and subsequent production(s), depositions of percipient witnesses, and exchanging expert reports and depositions of such experts. Plaintiff and/or its agents possess the following documents and electronically stored information that it may use to support its claims:

- Documents relating to Plaintiff's creation and authorship of the Infringed Designs;
- U.S. Copyright Reg. Nos. VA 1-397-841 (R9692), VA 1-760-298 (W1000A), VA 1-817-761 (YD075), VA 1-746-489 (X6525), VA 1-967-086 (XD525), and VA 2-119-133 (W1378) (hereinafter, collectively referred to as the "Infringed

Registrations"), inclusive of applications;

- Documents sufficient to show that Plaintiff is the owner of all rights and titles in the Infringed Registrations;

- Documents relating to Plaintiff's revenue generated by the Infringed Designs;

- Documents relating to Plaintiff's purchase of garments manufactured and/or sold by one or more of the Defendants incorporating the Infringed Desings;

- Documents concerning revenue generated by Plaintiff through the licensing and sale of copyrighted materials; and

- Documents relating to Defendants' unlicensed commercialization of garments incorporating the Infringed Desings.

  **b.**  **Timing and Phases**

As set forth in the proposed schedule below (Section F), the Parties agree that all fact discovery should be completed by May 1, 2024, and all expert discovery should be completed by October 16, 2024.

  **3.**  **Discovery of Electronically Stored Information (Fed. R. Civ. P. 26(f)(3)(C))**

The Parties have been advised by their counsel to preserve relevant reasonably accessible Electronically Stored Information ("ESI"). The Parties do not believe that this case poses any unique issues relating to the disclosure or discovery of ESI. The Parties agree that electronically stored information should be produced as single page .tiff files with database load files for relativity, with the understanding that, for good cause, a party may request that specific documents, such as excel files, be produced in native format if a .tiff file is inadequate. The Parties will enter a Protective Order, and discussed entering into a more formal stipulation governing the production of ESI, but do not believe that such an ESI stipulation is necessary at this time.

  **4.**  **Privileged Documents (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties acknowledge that regardless of the diligence of any party, inadvertent production of privileged or attorney work product documents may occur. The inadvertent

production of privileged documents does not constitute a waiver of the privilege and the receiving party may not bring a motion to compel based on any alleged waiver caused by the inadvertent production.

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in a protective order or other e-discovery order that provides for production without prior privilege review.

The Parties agree to set forth a procedure for logging privileged documents in the Protective Order.

5. **Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(D))**

The Parties do not propose any changes to the ordinary rules of discovery set forth in the Federal Rules of Civil Procedure or the Local Rules of this Court.

6. **Other Orders (Fed. R. Civ. P. 26(f)(3)(F))**

The Parties anticipate that they will file a stipulation for a proposed protective order under Federal Rule of Civil Procedure 26(c) to govern the exchange and disclosure of confidential documents and information in this case.

F. **Proposed Schedule**

The Parties propose the following case schedule:

| Event | Proposed Schedule |
| --- | --- |
| Initial Disclosures | November 27, 2023 |
| Deadline to file motions to amend pleadings | January 12, 2024 |
| Close of fact discovery | May 1, 2024 |
| Service of opening expert reports | June 16, 2024 |
| Service of rebuttal expert reports | July 17, 2024 |

| Close of expert discovery | October 16, 2024 |
|---|---|
| Deadline to file dispositive motions and *Daubert* motions | November 16, 2024 |
| Joint Pretrial Order | Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery pursuant to Judge Cote's Individual Rule 6(A). |

**G.** **Trial**

The Parties anticipate that the trial will take between 3 to 5 days. The Parties represent that they will be ready for trial 30 days after the Court issues its final order resolving all dispositive motions. The case is to be tried by a jury.

Dated: November 27, 2023                    Respectfully submitted,

LEASON ELLIS LLP                            ARENTFOX SCHIFF LLP

*/s/ Cameron S. Reuber*                     */s/ Ross Q. Panko*
Cameron S. Reuber (CR 7001)                 Ross Q. Panko (admitted *pro hac vice*)
Emily A. Rice (*pro hac vice forthcoming*)  1717 K Street, NW
One Barker Avenue, Fifth Floor              Washington, DC  20006
White Plains, NY 10601                      Tel: (202) 857-6000
Tel: (914) 288-0022                         Fax: (202) 857-6395
Fax: (914) 288-0023                         Ross.panko@afslaw.com
Email: reuber@leasonellis.com
rice@leasonellis.com                        Ariel S. Peikes
lelitdocketing@leasonellis.com              1301 Avenue of the Americas, 42nd Fl.
                                            New York, NY  10019
*Attorneys for Plaintiff*                   Tel: (212) 484-3900
                                            Fax: (212) 484-3990
                                            Ariel.peikes@afslaw.com

                                            *Attorneys for Defendant Zara USA, Inc.*