UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

TIANHAI LACE USA, INC.,

    *Plaintiff,*

    v.

ZARA USA, INC., and DOES 1-20,

    *Defendants.*

Civil Action No. 23-cv-6597 (DLC)

**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIAL OR BUSINESS SENSITIVE INFORMATION**

This Stipulated Protective Order ("Protective Order") is hereby stipulated and agreed to by and between the undersigned counsel for all Parties to this action as follows:

    1.    Definition of "Confidential Information." "Confidential Information," which may be designated as provided in paragraph 5 below, is defined as follows: trade secrets, product designs, product and business plans, manufacturing processes, non-public business information, including without limitation, financial data, sales, costs, profits, overhead, the identity of vendors and customers, confidential research, development and commercial information, testing and test results, and confidential, proprietary, or private personal information.

    2.    Use Limitations. All Confidential Information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business, competitive, governmental, research, development, or other purpose whatsoever.

    2.1    Limitations on Disclosure of Confidential Information. Confidential Information shall not be given, shown, or made available or communicated in any way to anyone

except persons specified in paragraph 6 below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph.

    2.2    <u>Advice to Client Based on Confidential Information</u>. Notwithstanding the foregoing, nothing in this Protective Order shall bar or otherwise restrict any litigation attorney herein from rendering litigation advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of designated information; provided, however, that in rendering such advice and in otherwise communicating with his/her client, the attorney shall not disclose the contents or the source of any designated information which the client is not otherwise authorized to receive.

    3.    <u>Scope of Protection/Disclosure of Confidential Information in Other Proceedings</u>. This Protective Order governs the handling of all Confidential Information, including documents, communications, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, or filed during discovery and other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order.

    3.1    If any party to another legal proceeding, or a court or an administrative agency, through discovery, subpoenas, orders or demands production of Confidential Information, the party receiving such demand for Confidential Information shall promptly, and before producing Confidential Information to such other party, court, or administrative agency, timely notify: (1) the requesting party, court, or administrative agency of this Protective Order; and (2) the party whose Confidential Information is being sought.

3.2 The party whose Confidential Information is being sought shall have the obligation of timely defending against such subpoena, order or demand, and the person or party receiving the subpoena, order or demand shall be entitled to comply with it except to the extent the producing party is successful in obtaining an order modifying or quashing the subpoena, order or demand.

4. <u>Confidential Information Produced by Third Parties</u>. This Protective Order shall apply to all of the parties to this action, and also to any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order. Accordingly, as used herein, the term "person" includes both the named parties in this civil action, and third parties who have agreed or been ordered to be bound by this Protective Order. If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce Confidential or Highly Confidential – Attorneys' Eyes Only information, such third party may obtain the protections of this Protective Order by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

5. <u>Designation of Confidential Information</u>. Any person who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in paragraph 1.

5.1. <u>Designated "Highly Confidential – Attorneys' Eyes Only</u>." A party that in good faith believes any particular Confidential Information is sufficiently sensitive or of a nature that its disclosure would harm the personal or competitive position of the producing party or other organization, entity, or person from which the information is obtained, or unfairly or unnecessarily reveal competitive information to an individual plaintiff or defendant, or to a director, officer, or

employee thereof, may designate that Confidential Information as "Highly Confidential — Attorneys' Eyes Only." Without limitation, this includes personnel records of corporate employees and non-public business or financial information (e.g., customer and/or supplier lists, prices, sales and profits information, sales projections). Information which is designated "Highly Confidential — Attorneys' Eyes Only" shall be used by the parties to this action solely for the purposes set forth in paragraph 2 above, and disclosed only to persons specified in paragraphs 6.1.1 and 6.1.3 through 6.1.6 below.

  5.2. <u>Designation of Documents</u>. Documents may be designated as Confidential Information by stamping "Confidential" or "Highly Confidential — Attorneys' Eyes Only" on each page prior to production.

  5.3. <u>Designation of Deposition Testimony</u>. Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the "Confidential" and "Highly Confidential — Attorneys' Eyes Only" portions of the deposition transcript separately and to stamp the words "Confidential" or "Highly Confidential — Attorneys' Eyes Only," as appropriate, on each transcript page so designated.

  5.4. <u>Subsequent Designations</u>. Documents, deposition transcripts, and other information may be designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" pursuant to 5.3 above, after they have been produced without having been so designated only under the following conditions:

    5.4.1. The new designation applies only as of the date and time of receipt of notice by each person notified;

    5.4.2. Persons to whom such documents, testimony, or other information,

have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation;

5.4.3. Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in paragraph 5.4.1;

5.4.4. Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation;

5.4.5. Subsequent confidentiality designations of deposition testimony not designated during the course of the deposition testimony shall be made within the time specified for review and signing of the transcript; and

5.4.6. Any inadvertent disclosure of unmarked Confidential Information shall not preclude the disclosing party from later claiming a right to confidentiality with respect to the inadvertently disclosed and subsequently designated Confidential Information.

6. <u>Persons to Whom Confidential Information May be Disclosed.</u>

6.1. <u>Confidential Information</u>. Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

6.1.1. Outside counsel for the parties in this action, in-house counsel who is assisting outside counsel, and clerical, paralegal, and other staff employed by such counsel, in addition to any independent experts or independent consultants who are assisting counsel in the prosecution or defense of this action;

6.1.2. Such officers, directors, or employees of the parties, as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action, and for no

other purpose; provided, however, that before access is given, each such officer, director, or employee shall have agreed in writing to be bound by this Protective Order by signing the form attached hereto as Exhibit A and advised that the violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) may constitute contempt of Court.

    6.1.3. The Court and court personnel, including Court reporters employed in connection with this action;

    6.1.4. Any other Person as to whom the producing Person agrees in writing;

    6.1.5. Witnesses at deposition or trial qualified under paragraphs 6.5.1 and 6.5.2; and

    6.1.6. *Bona fide* outside investigators, experts or consultants and their employees, not on the staff of any party, consulted by the parties' outside attorneys for assistance in the prosecution or defense of the claims in this litigation, who have signed the undertaking annexed hereto as Exhibit A.

    6.2. <u>Highly Confidential – Attorneys' Eyes Only Information</u>. Except as otherwise provided by this Protective Order, information designated as "Highly Confidential — Attorneys' Eyes Only" shall be disclosed only to Persons described in paragraph 6.1.1 and 6.1.3 through 6.1.6 above who have been ordered or agreed to be bound by this Protective Order. An agreement to be bound may be satisfied by signing the form attached as Exhibit A upon reasonable demand of the disclosing party.

    6.3. <u>Disclosure of Confidential Transcripts to the Deponent</u>. Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of

correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

      6.4.    <u>Use in Court Proceedings</u>. In the event that any Confidential or Highly Confidential - Attorneys' Eyes Only Material is used in any court proceeding in connection with this litigation, it shall not lose its Confidential or Highly Confidential - Attorneys' Eyes Only status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use, except if the Court orders otherwise.

      6.4.1.    All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any confidential information, shall be filed under seal and kept under seal until further order of the Court. Motions for approval of sealed or redacted filings and the subject documents, including the proposed sealed document(s), must be filed electronically through the court's ECF system in conformity with the court's standing order, 19-mc-00583, and § 6 of the SDNY's ECF Rules & Instructions. Both parties acknowledge that, to be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Further, the parties acknowledge that neither party consent nor the fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents. *See, e.g., In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543(JMF), 2015 WL 4750774, at *4 (S.D.N.Y. Aug. 11, 2015).

Accordingly, whenever practical, only confidential portions of filings with the Court shall be filed under seal and both parties hereby consent to the sealed filing of information designated pursuant to this Order, notwithstanding any party's ability to challenge a designation pursuant to ¶ 7 herein at any time. However, if the Court denies a party's motion to file confidential information under seal, then the parties shall cooperate on jointly moving for move for appropriate relief that will preserve confidentiality in the course of crafting a full and complete record. Nothing in this Order shall operate to waive or limit the rights of either party concerning any application for such relief.

6.4.2. If portions of documents or other Discovery Materials deemed Confidential or Confidential-Attorneys' Eyes Only are filed with the Court, they shall be filed under seal and marked as follows:

**CONFIDENTIAL OR ATTORNEYS' EYES ONLY**

IN ACCORDANCE WITH A CONFIDENTIALITY ORDER, THE ENCLOSURES SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 6 OF THE CONFIDENTIAL ORDER.

6.4.3. Each individual who received any Confidential or Highly Confidential - Attorneys' Eyes Only Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the compliance with or violation of this Confidentiality Order.

6.5. <u>Limited Exceptions</u>:

6.5.1. <u>Person Previously Having Access to Confidential Information</u>. A producing party's Confidential Information to which a present or former employee, consultant or agent has had access during the period of his employment or association with the producing party may be disclosed to that present or former employee, consultant or agent.

6.5.2.   Authors/Addressees.  This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies.

6.5.3.   Witnesses.  If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source.

6.5.4.   Certain Information Not Subject to Scope of Order.  The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure, or was developed independently by the receiving party without the use of Confidential Information.

7.   Resolution of Disputes.  Whenever a party objects to the treatment of a document or transcript as "Confidential" or "Highly Confidential — Attorneys' Eyes Only," as defined in paragraphs 1 and 5 herein, it shall, in writing or on the record in any proceeding herein, so inform the party seeking "Confidential" treatment, including providing information sufficient to identify identification of the specific Discovery Material designations that are being objected to, such as Bates Numbers. The failure of a party to object in a timely manner shall not constitute a waiver. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within ten (10) business days of the date of receipt of the written notice (unless circumstances require a quicker resolution), or if the producing party has not

responded to said written notice within ten (10) business days (unless circumstances require a quicker resolution), the party objecting to the confidential status of any information may request appropriate relief from the Court. Relief may be requested by motion to the Court for a ruling that the document or transcript shall not be treated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" in the manner described in paragraphs 1 and 6 herein. Upon such application, the party asserting confidentiality bears the burden to establish same. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Highly Confidential — Attorneys' Eyes Only" treatment described in paragraphs 1 and 6 herein.

8. <u>Disposition of Confidential Information Following Conclusion of Litigation</u>. At the conclusion of this litigation (i.e., upon its final dismissal), all copies of all documents or transcripts designated "Confidential" or "Highly Confidential — Attorneys' Eyes Only," and any copies thereof, shall either be destroyed or returned to the party or person producing same within sixty (60) days. In addition, all summaries or other materials containing or disclosing information contained in "Confidential" or "Highly Confidential — Attorneys' Eyes Only" documents or transcripts, and all copies thereof, shall be either destroyed or returned to the party furnishing the same.

8.1. Notwithstanding any of the foregoing, a party may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits following conclusion of this litigation.

9. <u>Continuing Obligation, Retention of Jurisdiction</u>. This Order shall continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

10. <u>Expert Reports</u>.  A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications with, and all materials generated by, a testifying expert with respect to his work on this case are exempt from discovery unless they contain (1) data or information relied upon by the expert in forming his opinion(s), or (2) data or information relevant to his opinion(s) that he considered and determined not to rely upon in forming his opinion(s). By way of example only, communications or materials which contain counsel's opinions or mental impressions are exempt from discovery, but data or information communicated by counsel to the expert which is considered or relied upon by the expert in forming his opinion(s) is not exempt from discovery. Communications and/or materials which contain both exempt and non-exempt information may be produced in redacted form so as to disclose only non-exempt information. The expert must produce (1) his final report, and (2) all communications/materials to the extent they contain non-exempt information.

So ordered.

*/s/ Denise Cote*
12/8/23

IT IS SO STIPULATED:

Dated: December 8, 2023

| LEASON ELLIS LLP | ARENTFOX SCHIFF LLP |
|---|---|
| */s/ Cameron S. Reuber* | */s/ Ross Q. Panko* |
| Cameron S. Reuber (CR 7001) | Ross Q. Panko (admitted *pro hac vice*) |
| Emily A. Rice (*pro hac vice forthcoming*) | 1717 K Street, NW |
| One Barker Avenue, Fifth Floor | Washington, DC  20006 |
| White Plains, NY 10601 | Tel: (202) 857-6000 |
| Tel: (914) 288-0022 | Fax: (202) 857-6395 |
| Fax: (914) 288-0023 | Ross.panko@afslaw.com |
| Email: reuber@leasonellis.com | |
| rice@leasonellis.com | Ariel S. Peikes |
| lelitdocketing@leasonellis.com | 1301 Avenue of the Americas, 42nd Fl. |
| | New York, NY  10019 |
| *Attorneys for Plaintiff* | Tel: (212) 484-3900 |
| | Fax: (212) 484-3990 |
| | Ariel.peikes@afslaw.com |
| | |
| | *Attorneys for Defendant Zara USA, Inc.* |